IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARY JANE JARAMILLO** and **REBECCA JARAMILLO,** | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 5:17-cv-1110 |
| **FOUR SEASONS DEVELOPMENT CO., INC., FOUR SEASONS RANCH, LTD., FOUR SEASONS RANCH MANAGEMENT, LLC, JULIAN KUBECZKA,** and **KEVIN KUBECZKA** | § § § § § § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Mary Jane Jaramillo and Rebecca Jaramillo ("Plaintiffs") bring this action against Defendants Four Seasons Development Co., Inc., Four Seasons Ranch, Ltd., Four Seasons Ranch Management, LLC, Julian Kubeczka, and Kevin Kubeczka (hereinafter "Defendants"), to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and pursuant to Texas law to recover unpaid wages under a common-law *quantum meruit* claim of unjust enrichment.

### I.
### OVERVIEW

1.1    This is an action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2    Plaintiffs also bring this action to recover the wages owed to them for work they actually performed and Defendants failed to pay them pursuant to their employment agreement under a common-law *quantum meruit* claim of unjust enrichment.

1.3    Plaintiffs worked for Defendants as members of the hospitality team at the Four Seasons Hunting Ranch, owned and operated by Defendants, for the 2016 season. Plaintiffs were

supposed to be paid an hourly wage for their services and were further supposed to receive reimbursement for expenses incurred on Defendants' behalf.

1.4     Despite promises to the contrary, Plaintiffs have neither been paid for their services or reimbursed for their expenses.

1.5     Additionally, Plaintiffs worked in excess of forty (40) hours per workweek on multiple occasions throughout their employment by Defendants.

1.6     Plaintiffs have never been paid overtime for hours worked in excess of forty (40) hours per workweek.

1.7     The decision by Defendants not to pay overtime compensation to Plaintiffs was neither reasonable nor in good faith.

1.8     Defendants knowingly and deliberately failed to compensate Plaintiffs overtime for all hours worked in excess of forty (40) hours per workweek.

1.9     Plaintiffs did not perform work that met the definition of exempt work under the FLSA.[1] Specifically, Plaintiffs performed routine technical and manual labor type job duties such as general housekeeping duties, provisioning the facility, food preparation and food service.

1.10    Plaintiff therefore seeks to recover all overtime wages, unpaid wages, and other damages owed under the FLSA pursuant to 29 U.S.C. § 216(b) and under state law pursuant to the equitable theory of *quantum meruit*.

## II.
## THE PARTIES

2.1     Plaintiff Mary Jane Jaramillo worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Mary Jane Jaramillo received

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

neither overtime compensation for all hours worked in excess of forty (40) hours per workweek nor straight-time compensation for all hours worked.

2.2     Plaintiff Rebecca Jaramillo worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Rebecca Jaramillo received neither overtime compensation for all hours worked in excess of forty (40) hours per workweek nor straight-time compensation for all hours worked.

2.3     Four Seasons Development Co., Inc. is a domestic for-profit corporation and may be served through its registered agent for service, **Julian Kubeczka, 5825 West Sam Houston Parkway N., Houston, Texas 77041.**

2.4     Four Seasons Ranch, Ltd., is a domestic limited partnership and may be served through its registered agent for service, **Shula Netzer, 16950 Dallas Parkway, Suite 120, Dallas, Texas 75248.**

2.5     Four Seasons Ranch Management, LLC is a domestic limited liability company and is the General Partner for Four Seasons Ranch, Ltd. Four Seasons Ranch Management, LLC may be served through its registered agent for service of process, **Shula Netzer, 16950 Dallas Parkway, Suite 120, Dallas, Texas 75248.**

2.6     Julian Kubeczka is an individual resident of the State of Texas, and is the President and Director for Four Seasons Development Co., Inc., is a Principal for Four Seasons Ranch, Ltd., and an employer as defied by 29 U.S.C. § 203(d). Along with Defendants Four Seasons Development Co, Inc., Four Seasons Ranch, Ltd., Four Seasons Ranch Management, LLC, and Kevin Kubeczka, Defendant Julian Kubeczka jointly employed Plaintiffs. Julian Kubeczka may be served with process at **5825 West Sam Houston Parkway N., Houston, Texas 77041, or wherever he may be found.**

2.7     Kevin Kubeczka is an individual resident of the State of Texas, serves as the Vice President of Operations for Four Seasons Development Co., Inc., and an employer as defied by 29

U.S.C. § 203(d). Along with Defendants the Four Seasons Development Co, Inc., Four Seasons Ranch, Ltd., Four Seasons Ranch Management, LLC, and Julian Kubeczka, Defendant Kevin Kubeczka jointly employed Plaintiffs. Kevin Kubeczka may be served with process at **15606 Congo Lane, Jersey Village, Texas 77040, or wherever he may be found.**

2.8     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Four Seasons Hunting Ranch d/b/a Four Seasons Ranch, Ltd. and Plaintiffs. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has supplemental jurisdiction over Plaintiffs' additional state law claims pursuant to 28 U.S.C. § 1367.

3.3     This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

3.4     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.5     Specifically, Four Seasons Hunting Ranch, owned and operated by Defendants, is the where location where Plaintiffs performed services for Defendants, and it is located in Pearsall, Texas, which is located in this District and Division.

3.6     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1 At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2 At all times hereinafter mentioned, Defendants have been an enterprise and/or enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3 At all times hereinafter mentioned, Defendants have been an enterprise and/or enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 During the respective periods of Plaintiffs' employment by Defendants, they have provided services for Defendants that have involved interstate commerce.

4.5 In performing the operations hereinabove described, Plaintiffs have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiffs were **_non-exempt_** employees of Defendants who provided cooking and cleaning services for Defendants' out-of-state clients.

4.7 At all times hereinafter mentioned, Plaintiffs were employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

## V.
## FACTS

5.1     Four Seasons Ranch provides its guests the opportunity to book various hunting trips, including but not limited to, dove hunts, quail hunts, turkey hunts, whitetail hunts, axis deer huts, fallow deer hunts, hog hunts, and various "exotic" hunts.[2]

5.2     The Four Seasons Ranch boasts a 17,000 square foot lodge that can sleep up to forty (40) individuals at a time, and provides an all-inclusive experience for Defendants' clients.[3]

5.3     Plaintiffs worked for Defendants from September 2016 through March 2017 at the Four Seasons Ranch, Ltd., d/b/a Four Seasons Ranch in Pearsall, Texas. Defendants hired Plaintiffs for the purpose of providing hospitality services for its customers. Plaintiffs were responsible for performing maid services, provisioning services, assisting in meal preparation and food service, laundry, and essentially any service requested by Defendants' customers that they were able to perform. These services were an integral part of Defendants' customers' experience.

5.4     Plaintiffs' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants.

5.5     Defendants set Plaintiffs' pay and controlled the number of hours they worked on a weekly basis.

5.6     Plaintiffs worked long hours. Specifically, Plaintiffs often worked for over forty hours in a workweek

5.7     Plaintiffs were supposed to be paid an hourly wage for the time they worked for Defendants. According to their agreement with Defendants, Plaintiffs were supposed to be paid on a weekly basis.

---

[2] http://www.fourseasonsranch.com/index.html

[3] http://www.fourseasonsranch.com/south-texas-hunting-lodge.html

5.8     Defendants also agreed to reimburse Plaintiffs for expenses.

5.9     Additionally, and as part of Plaintiffs' compensation, Plaintiffs were supposed to receive gratuity from Defendants' customers.

5.10    Not only did Defendants not pay any overtime compensation at the required rate of time-and-one-half at all for work in excess of forty (40) hours per week, Defendants also failed to pay Plaintiffs the hourly wages that they were owed, did not reimburse them for their agreed expenses, and stole the gratuity left to them from their customers.

5.11    Because Defendants did not pay Plaintiffs their agreed wages and time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violated (and continue to violate) the FLSA and Texas state law.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing an individual in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employee for his employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which he was employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiffs overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5     Plaintiffs, on the other hand, are an unsophisticated blue-collar laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiffs are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### B.     PLAINTIFFS' COMMON LAW *QUANTUM MERUIT* CLAIMS

6.8     Plaintiffs also bring a common-law action under the equitable theory of *quantum meruit* and assert that they performed services for the benefit of Defendants for which they have not been paid and by which Defendants have been unjustly enriched.

6.9     Plaintiffs are entitled to recover their unpaid wages "straight time" or "gap time" wages for services rendered at the Four Seasons Ranch.[4] These claims are independent of Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA and they are not preempted by the FLSA.

6.10    Plaintiffs provided valuable services to Defendants. Specifically, Plaintiffs were responsible for all housekeeping and cleaning services at the hunting lodge, laundry services for Defendants' customers, and food preparation and service for Defendants' customers.

6.11    Defendants accepted Plaintiffs' services described in detail above and benefited from Plaintiffs' skill, expertise, and labor at the Four Seasons Ranch.

---

[4] The FLSA does not preempt Plaintiffs' *quantum meruit* claim. *See Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, (ECF No. 67) (W.D. Tex. Mar. 2, 2017) (recognizing that "gap time" or "straight time" claims, where the compensation sought is for hours worked in a week that are not in excess of forty and when the average wage paid is not below minimum wage, are not preempted by the FLSA); *Karna v. BP Corp. NA, Inc.*, 11 F.Supp.3d 809, 816 (S.D. Tex. 2014) ("While Section 6 of the FLSA guarantees a minimum wage, it does not provide a right of action for employees to recover unpaid compensation in excess of that minimum wage.").

6.12    Defendants knew that Plaintiffs expected to be compensated for their services rendered at the Four Seasons Ranch.

6.13    Defendants have therefore been unjustly enriched as a result of their collective failure to pay Plaintiffs the compensation owed to them for all of their work at the Four Seasons Ranch.

## VII.
## RELIEF SOUGHT

7.1    Plaintiffs respectfully pray for judgment against Defendants Four Seasons Development Co., Inc., Four Seasons Ranch, Ltd., Four Seasons Ranch Management, LLC, Julian Kubeczka, and Kevin Kubeczka as follows:

a.    For an Order awarding Plaintiffs back wages that have been improperly withheld;

b.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

c.    For an Order awarding Plaintiffs their unpaid tipped amounts;

d.    For an Order awarding Plaintiffs the costs of this action;

e.    For an Order awarding Plaintiffs attorneys' fees;

f.    For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

g.    For an Order compelling the accounting of the books and records of Defendants; and

h.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 1, 2017                    Respectfully submitted,

                                                    **ANDERSON2X, PLLC**

By:    /s/ *Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Lauren E. Braddy**
        Federal I.D. No. 1122168
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Federal I.D. No. 19259
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        ***Attorneys in Charge for Plaintiffs***